In The

# United States Court of Appeals
### For The Eleventh Circuit

## CHARLIE LEE BLAKE,

*Plaintiff – Appellant*,

**v.**

## UNION CAMP INTERNATIONAL PAPER,

*Defendant – Appellee*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**

———————

**APPELLEE'S APPENDIX**

———————

Bruce M. Steen
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 353-6244

*Counsel for Appellee*

# TABLE OF CONTENTS

**TAB**

Docket Entries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

Plaintiff's Reply to Defendant's Response and Motion to Compel
      filed December 23, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Plaintiff's Reply to Defendant's Response and Motion to Compel
      filed December 23, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Supplement to Plaintiff's Motion to Compel,
With Attached Notice of ERISA Rights,
      filed December 30, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Attachments to Defendant's Statement of Material Facts,
      filed January 9, 2014:

    Attachments:

    Declaration of Sharon L. Barger
          dated January 9, 2014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38-1

    Excerpts of The Retirement Plan of International Paper Company
          dated January 1, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38-2

Attachment to Defendant's Affidavit
      filed January 9, 2014:

    Attachment:

    Cover Sheet of Retirement Plan for
    Salaried Employees of Union Camp Corporation
          dated September 1991 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39-1

    Cover Sheets of Retirement Plan for
    Hourly Employees of Union Camp Corporation
          dated September 1985 and March 1998 . . . . . . . . . . . . . . . . . . . . 39-1

i

Attachment to Defendant's Affidavit
filed January 9, 2014:

Attachment:

Cover Sheet of the Summary Plan Description of the
Retirement Plan for Hourly Employees of Union
Camp Container Division,
dated June 18, 1991 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40-1

Attachment to Defendant's Affidavit
filed January 9, 2014:

Attachment:

Letter to
Charles Blake from
Office of the Plan Administrator
Re:  Responding to Documentary Requests[1]
dated December 22, 2010  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41-1

Attachment to Defendant's Affidavit
filed January 9, 2014:

Attachment:

Cover Sheet of the Summary Plan Description of the
Retirement Plan for Hourly Employees of Local 188
Union Camp Corporation at Savannah, Georgia
dated April 1992  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42-1

Notice of Filing and Table of Contents of the Summary
Plan Description of the Union Camp Corporation
Salaried Employees Savings and Investment Plan
dated June 28, 1994 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42-1

---

[1] Defendant erroneously cited this document on page 11, note 5 of its brief as Doc. No. 40-1, IP_000488-000592).  The correct citation is Doc. No. 41-1, IP_000588-000592).

Attachment to Defendant's Affidavit
      filed January 9, 2014:

      Attachment:

      Cover Sheets of the Union Camp Corporation Salaried
      Employees' Stock Ownership Plan and Retirement Plan for
      Hourly Employees of Union Camp Corporation
            undated  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43-1

Attachment to Defendant's Affidavit
      filed January 9, 2014:

      Attachment:

      Cover Sheet of the Summary Plan Description of the
      Retirement Plan for Hourly Employees of Local 188
      Union Camp Corporation
            dated April 1992  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45-1

Attachment to Defendant's Affidavit
      filed January 9, 2014:

      Attachment:

      Cover Sheets of Summary of the Results of Negotiations
            dated June 1, 1980, June 1, 1974, and June 1, 1983
            (Revised October 24, 1983, September 16, 1983, and
            August 30, 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46-1

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  C

A

CLOSED

# U.S. District Court
## Southern District of Georgia (Savannah)
### CIVIL DOCKET FOR CASE #: 4:12-cv-00306-WTM-GRS

Blake v. Union Camp International Paper
Assigned to: Judge William T. Moore, Jr
Referred to: Magistrate Judge G. R. Smith
Case in other court: 11th Circuit, 14-14275-D
Cause: 42:1983 Civil Rights (Employment Discrimination)

Date Filed: 12/10/2012
Date Terminated: 09/08/2014
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

#### Plaintiff

**Charlie Lee Blake**
*TERMINATED: 01/09/2015*

represented by **Charlie Lee Blake**
320 Tibet Ave.
Apt. 12
Savannah, GA 31416
PRO SE

V.

#### Defendant

**Union Camp International Paper**
*TERMINATED: 01/09/2015*

represented by **Andrew G. Phillips**
McGuireWoods, LLP
Promenade II
1230 Peachtree St. NE
Suite 2100
Atlanta, GA 30309
404-443-5724
Fax: 404-443-5773
Email: aphillips@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

**Nancy J. Fonti**
McGuireWoods, LLP
Promenade II
1230 Peachtree St., NE
Suite 2100
Atlanta, GA 30309-3534
404-443-5738
Fax: 404-443-5599
Email: nfonti@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/10/2012 | 1 | COMPLAINT against Union Camp International Paper, filed by Charlie Lee |

| | | Blake.(loh) (Entered: 12/10/2012) |
|---|---|---|
| 12/10/2012 | 2 | MOTION for Leave to Proceed in forma pauperis by Charlie Lee Blake. Responses due by 12/27/2012. REFERRED to Judge G. R. Smith.(loh) (Entered: 12/10/2012) |
| 01/30/2013 | 3 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. The Clerk is directed to forward a copy of plaintiff's complaint to the Marshal for service upon defendant. Signed by Magistrate Judge G. R. Smith on 1/30/2013. (loh) (Entered: 01/30/2013) |
| 03/13/2013 | 5 | MOTION to Produce documents by Charlie Lee Blake. Responses due by 4/1/2013. REFERRED to Judge G. R. Smith.(loh) (Entered: 03/13/2013) |
| 03/27/2013 | 6 | MOTION for Hearing by Charlie Lee Blake. REFERRED to Judge G. R. Smith.(loh) (Entered: 03/27/2013) |
| 04/24/2013 | 7 | MOTION to produce documents by Charlie Lee Blake. Responses due by 5/13/2013. REFERRED to Judge G. R. Smith.(loh) (Entered: 04/24/2013) |
| 05/10/2013 | 8 | ANSWER to Complaint by Union Camp International Paper.(Phillips, Andrew) (Entered: 05/10/2013) |
| 05/10/2013 | 9 | Disclosure Statement pursuant to Local Rule 7.1.1 by Union Camp International Paper. (Phillips, Andrew) (Entered: 05/10/2013) |
| 05/13/2013 | | Set/Reset Scheduling Order Deadlines: Rule 26 Report due by 7/9/2013. (wwp) (Entered: 05/13/2013) |
| 05/21/2013 | 10 | ORDER denying 5 Motion to Produce; denying 6 Motion for Hearing; denying 7 Motion Produce. Signed by Magistrate Judge G. R. Smith on 5/21/2013. (loh) (Entered: 05/21/2013) |
| 05/22/2013 | 11 | U.S. Marshal Return as to Union Camp International Paper for 3 Order on Motion for Leave to Proceed in forma pauperis, 1 Complaint filed by Charlie Lee Blake on 5/10/13. (wwp) (Entered: 05/22/2013) |
| 05/23/2013 | 12 | Letter to Court from Charles Lee Blake. (loh) (Additional attachment(s) added on 5/24/2013: # 1 Exhibit) (loh). (Entered: 05/23/2013) |
| 06/27/2013 | 13 | NOTICE of Filing of Exhibits by Charlie Lee Blake (wwp) (Entered: 06/27/2013) |
| 06/27/2013 | 14 | NOTICE of Filing Exhibits by Charlie Lee Blake. (wwp) (Entered: 06/27/2013) |
| 07/03/2013 | 15 | NOTICE of Filing Exhibits by Charlie Lee Blake. (loh) (Entered: 07/03/2013) |
| 07/09/2013 | 16 | NOTICE of Appearance by Nancy J. Fonti on behalf of Union Camp International Paper (Fonti, Nancy) (Entered: 07/09/2013) |
| 07/09/2013 | 17 | REPORT of Rule 26(f) Planning Meeting. (Fonti, Nancy) (Entered: 07/09/2013) |
| 07/15/2013 | 18 | NOTICE of Filing by Charlie Lee Blake re 17 Report of Rule 26(f) Planning Meeting. (loh) (Entered: 07/15/2013) |
| | | |

| 07/17/2013 | 19 | ORDERED that plaintiff is directed to show cause within fourteen days why the Court should not impose sanctions against him because of his failure to participate in the Rule 26(f) conference. Signed by Magistrate Judge G. R. Smith on 7/17/2013. (loh) (Entered: 07/17/2013) |
| 07/17/2013 |  | Set/Reset Deadlines: Show Cause Response due by 7/31/2013. (loh) (Entered: 07/17/2013) |
| 07/19/2013 | 20 | RESPONSE TO ORDER in reference to 19 Order filed by Charlie Lee Blake. (loh) (Entered: 07/19/2013) |
| 07/23/2013 | 21 | RESPONSE TO ORDER in reference to 19 Order filed by Charlie Lee Blake. (Attachments: # 1 Exhibit)(loh) (Entered: 07/23/2013) |
| 08/12/2013 | 22 | REPORT of Rule 26(f) Planning Meeting by Charles Lee Blake. (loh) (Entered: 08/12/2013) |
| 08/22/2013 | 23 | MOTION for Judgment on the Pleadings by Charlie Lee Blake. Responses due by 9/9/2013. REFERRED to Judge G. R. Smith.(loh) (Entered: 08/22/2013) |
| 09/09/2013 | 24 | RESPONSE in Opposition re 23 MOTION for Judgment on the Pleadings *and Motion to Strike* filed by Union Camp International Paper. (Attachments: # 1 Declaration of Nancy J. Fonti, # 2 Declaration of Deborah R. Lightfoot)(Fonti, Nancy) (Entered: 09/09/2013) |
| 09/12/2013 | 25 | REPLY to Response to Motion re 23 MOTION for Judgment on the Pleadings filed by Charlie Lee Blake. (Attachments: # 1 Exhibit)(loh) (Additional attachment(s) added on 9/13/2013: # 2 Exhibit) (loh). (Additional attachment(s) added on 9/17/2013: # 3 Exhibit) (loh). (Additional attachment(s) added on 9/30/2013: # 4 Exhibit) (loh). (Entered: 09/12/2013) |
| 09/19/2013 | 26 | RESPONSE to 24 Response in Opposition filed by Charlie Lee Blake. (bcw) (Entered: 09/19/2013) |
| 09/19/2013 | 27 | Judgment. (bcw) (Entered: 09/19/2013) |
| 09/30/2013 | 28 | SCHEDULING ORDER: Discovery due by 12/10/2013. Motions due by 1/9/2014. Expert Witness Report (Plaintiff) due by 10/10/2013. Expert Witness Report (defendant) due by 11/10/2013. Status Report due by 12/1/2013. Signed by Magistrate Judge G. R. Smith on 9/30/2013. (Attachments: # 1 Civil Trial Information, # 2 Joint Status Report) (loh) (Entered: 09/30/2013) |
| 10/01/2013 | 29 | RESPONSE TO ORDER in reference to 28 Scheduling Order, filed by Charlie Lee Blake. (loh) (Entered: 10/01/2013) |
| 11/27/2013 | 30 | MOTION for Expedited Schedule as to Rule 26(1) Report by Charlie Lee Blake. Responses due by 12/16/2013. REFERRED to Judge G. R. Smith.(loh) (Entered: 11/27/2013) |
| 12/02/2013 | 31 | STATUS REPORT *(Joint Discovery)* by Charlie Lee Blake, Union Camp International Paper. (Fonti, Nancy) (Entered: 12/02/2013) |
| 12/12/2013 | 32 | RESPONSE in Opposition re 30 MOTION *for Expedited Schedule as to Rule 26(1)* filed by Union Camp International Paper. (Fonti, Nancy) (Entered: 12/12/2013) |

| 12/17/2013 | 33 | ORDER denying 23 Motion for Judgment on the Pleadings; denying 30 Motion to Expedite. Signed by Magistrate Judge G. R. Smith on 12/17/2013. (loh) (Entered: 12/17/2013) |
| --- | --- | --- |
| 12/23/2013 | 34 | RESPONSE to 32 Response filed by Charlie Lee Blake. (bcw) (Entered: 12/23/2013) |
| 12/23/2013 | 35 | MOTION to Compel by Charlie Lee Blake. Responses due by 1/9/2014. REFERRED to Judge G. R. Smith.(bcw) (Entered: 12/23/2013) |
| 12/30/2013 | 36 | Supplement by Charlie Lee Blake to 35 MOTION to Compel. (wwp) (Entered: 12/30/2013) |
| 01/09/2014 | 37 | ******* MOTION for Summary Judgment *and Memorandum of Law in Support Thereof* by Union Camp International Paper. Responses due by 2/3/2014. (Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 38 | Statement of Material Facts *as to which there is no Genuine Issue to be Tried & Proposed Conclusions of Law, Declaration of Sharon Barger and Attachment 1 thereto* re 37 MOTION for Summary Judgment *and Memorandum of Law in Support Thereof as to which there is no Genuine Issue to be Tried & Proposed Conclusions of Law, Declaration of Sharon Barger and Attachment 1 thereto* by Union Camp International Paper. (Attachments: # 1 Declaration of Sharon Barger, # 2 Attachment 1 (Plan 001 -103))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 39 | AFFIDAVIT re 38 Statement of Material Facts,, by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_000001 - 000291))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 40 | AFFIDAVIT re 38 Statement of Material Facts,, by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_000292 - 000585))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 41 | AFFIDAVIT re 38 Statement of Material Facts,, 40 Affidavit by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_000586 - 000710)) (Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 42 | AFFIDAVIT re 38 Statement of Material Facts,, by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_000711 - 000864))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 43 | AFFIDAVIT re 38 Statement of Material Facts,, by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_000865 - 001006))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 44 | AFFIDAVIT re 38 Statement of Material Facts,, by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_001007 - 001226), # 2 Attachment 2 (IP_001227 - 001437))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 45 | AFFIDAVIT by Union Camp International Paper. (Attachments: # 1 Attachment 2 (IP_001438 - 001686), # 2 Attachment 2 (IP_001687 - 001932)) (Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 46 | AFFIDAVIT re 38 Statement of Material Facts,, by Union Camp International |

| | | |
|---|---|---|
| | | Paper. (Attachments: # 1 (IP_001933 - 002197))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/09/2014 | 47 | RESPONSE in Opposition re 35 MOTION to Compel filed by Union Camp International Paper. (Attachments: # 1 Exhibit A (Plaintiff's October 9, 2013 Discovery Requests))(Fonti, Nancy) (Entered: 01/09/2014) |
| 01/10/2014 | 48 | NOTICE issued re: 37 MOTION for Summary Judgment and Memorandum of Law in Support Thereof by Union Camp International Paper. Responses due by 2/3/2014. (Fonti, Nancy) (wwp) (Entered: 01/10/2014) |
| 01/24/2014 | 49 | RESPONSE in Opposition re 37 MOTION for Summary Judgment *and Memorandum of Law in Support Thereof* filed by Charlie Lee Blake. (loh) (Entered: 01/24/2014) |
| 01/27/2014 | 50 | NOTICE of Intent *to File Reply Brief* by Union Camp International Paper re 49 Response in Opposition to Motion. (Fonti, Nancy) (Entered: 01/27/2014) |
| 02/10/2014 | 51 | REPLY to Response to Motion re 37 MOTION for Summary Judgment *and Memorandum of Law in Support Thereof* filed by Union Camp International Paper. (Attachments: # 1 Exhibit A)(Phillips, Andrew) (Entered: 02/10/2014) |
| 03/07/2014 | 52 | MOTION for Leave to File *Supplement to Reply in Support of Summary Judgment Motion* by Union Camp International Paper. Responses due by 3/24/2014. (Attachments: # 1 Exhibit A)(Fonti, Nancy) (Entered: 03/07/2014) |
| 03/07/2014 | 53 | AFFIDAVIT of Additional Material Facts in Support of Plaintiff's Claims. (Entered: 03/07/2014) |
| 03/10/2014 | | MOTIONS REFERRED: 52 MOTION for Leave to File *Supplement to Reply in Support of Summary Judgment Motion.* (bcw) (Entered: 03/10/2014) |
| 03/13/2014 | 54 | MOTION to Strike 53 Affidavit in Support by Union Camp International Paper. Responses due by 3/31/2014. (Attachments: # 1 Exhibit A)(Fonti, Nancy) (Entered: 03/13/2014) |
| 03/14/2014 | | MOTIONS REFERRED: 54 MOTION to Strike 53 Affidavit in Support. (wwp) (Entered: 03/14/2014) |
| 03/25/2014 | 55 | RESPONSE re 54 MOTION to Strike, 51 Reply to Response to Motion filed by Union Camp International Paper filed by Charlie Lee Blake. (loh) (Entered: 03/25/2014) |
| 03/28/2014 | 56 | REPLY to Response to Motion re 54 MOTION to Strike 53 Affidavit in Support filed by Union Camp International Paper. (Fonti, Nancy) (Entered: 03/28/2014) |
| 04/15/2014 | 57 | RESPONSE to 56 Reply to Response to Motion filed by Union Camp International Paper by Charlie Lee Blake. (loh) (Entered: 04/15/2014) |
| 04/17/2014 | 58 | MOTION to Amend/Correct 57 Response by Charlie Lee Blake. Responses due by 5/5/2014. REFERRED to Judge G. R. Smith.(bcw) (Entered: 04/17/2014) |
| 04/24/2014 | 59 | RESPONSE to 58 MOTION to Amend/Correct 57 Response filed by Charlie Lee Blake filed by Union Camp International Paper. (Fonti, Nancy) (Entered: |

|            |     | 04/24/2014)                                                                                                                                                                                                                                                                                                                             |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 04/24/2014 | 60  | RESPONSE to 56 Reply to Response to Motion filed by Union Camp International Paper by Union Camp International Paper. (Fonti, Nancy) (Entered: 04/24/2014)                                                                                                                                                                                 |
| 05/09/2014 | 61  | Statement of Material Facts in Regard to W-2 Tax Form by Charlie Lee Blake. (Attachments: # 1 Exhibit)(loh) (Entered: 05/09/2014)                                                                                                                                                                                                        |
| 05/15/2014 | 62  | NOTICE of Proposed Settlement by Charlie Lee Blake. (loh) (Entered: 05/15/2014)                                                                                                                                                                                                                                                         |
| 05/20/2014 | 63  | RESPONSE to 61 Statement of Material Facts filed by Charlie Lee Blake filed by Union Camp International Paper. (Fonti, Nancy) (Entered: 05/20/2014)                                                                                                                                                                                       |
| 06/11/2014 | 64  | Supplement to Plaintiff's Statement of Material facts in regard to W-2 tax forms to 63 Response filed by Union Camp International Paper by Charlie Lee Blake. (wwp) (Entered: 06/11/2014)                                                                                                                                                   |
| 06/20/2014 | 65  | REPORT AND RECOMMENDATIONS recommends that the motion for summary judgment be granted and the case dismissed re 1 Complaint filed by Charlie Lee Blake. Objections to R&R due by 7/4/2014. Signed by Magistrate Judge G. R. Smith on 6/20/14. (bcw) (Entered: 06/20/2014)                                                                    |
| 06/20/2014 | 66  | ORDER directing service re 65 REPORT AND RECOMMENDATIONS re 1 Complaint filed by Charlie Lee Blake. Signed by Magistrate Judge G. R. Smith on 6/20/14. (bcw) (Entered: 06/20/2014)                                                                                                                                                         |
| 07/01/2014 | 67  | OBJECTION to 65 Report and Recommendations by Charlie Lee Blake. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(loh) (Entered: 07/01/2014)                                                                                                                                                                                    |
| 07/14/2014 | 68  | RESPONSE to 67 Objection to Report and Recommendations filed by Charlie Lee Blake filed by Union Camp International Paper. (Fonti, Nancy) (Entered: 07/14/2014)                                                                                                                                                                            |
| 07/31/2014 | 69  | REPLY to 68 Response filed by Union Camp International Paper filed by Charlie Lee Blake. (loh) (Entered: 07/31/2014)                                                                                                                                                                                                                       |
| 09/08/2014 | 70  | ORDER dismissing as moot 35 Motion to Compel; granting 37 Motion for Summary Judgment; dismissing as moot 52 Motion for Leave to File; dismissing as moot 54 Motion to Strike ; dismissing as moot 58 Motion to Amend/Correct; adopting re 65 Report and Recommendations dismissing this case. Signed by Judge William T. Moore, Jr on 9/8/2014. (loh) (Entered: 09/08/2014) |
| 09/08/2014 | 71  | JUDGMENT entered granting defendants' Motion for Summary Judgment. (loh) (Entered: 09/08/2014)                                                                                                                                                                                                                                            |
| 09/22/2014 | 72  | NOTICE OF APPEAL as to 71 Judgment, 70 Order on Motion to Compel, Order on Motion for Summary Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion to Amend/Correct, Order on Report and Recommendations by Charlie Lee Blake. (wwp) (Entered: 09/22/2014)                                                |
|            |     |                                                                                                                                                                                                                                                                                                                                         |

| 09/22/2014 | 73 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: 72 Notice of Appeal, Other Appeals: No Judge Appealed: Judge Moore, Fee Paid: No, Pending COA/IFP: No. (wwp) (Entered: 09/22/2014) |
| 09/23/2014 | 74 | USCA Case Number 14-14275-D for 72 Notice of Appeal, filed by Charlie Lee Blake. (wwp) (Entered: 09/23/2014) |
| 12/02/2014 | 75 | MANDATE of USCA dismissing the 72 Notice of Appeal filed by Charlie Lee for failure to prosecute. (wwp) (Entered: 12/02/2014) |
| 02/04/2015 | 76 | ORDER of USCA granting the motion to set aside 75 MANDATE of USCA dismissing the Appeal and reinstating the 72 Notice of Appeal filed by Charlie Lee Blake. (wwp) (Entered: 02/04/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/05/2015 10:28:40 | | |
| **PACER Login:** | mc1070:2594390:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 4:12-cv-00306-WTM-GRS |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Doc. 34

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLIE BLAKE,                          )
                                        )
    Plaintiff,                          )
                                        )
                                        )       Civil Action Number:
v.                                      )       4:12-CV-00306-WTM-GRS
                                        )
                                        )
UNION CAMP,                             )
INTERNATIONAL PAPER                     )
                                        )
    Defendant.                          )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND
MOTION TO COMPEL**

Discovery began in this case pursuant to the Court's scheduling order. (See Doc. 28) Since that order, Plaintiff has received only one response from International Paper which included various document unrelated to Plaintiff's request. Plaintiff requested full disclosure of relevant documents from Union Camp of Savannah, Georgia including Plan documents, Summary Plan description, Individual Benefits Report, and Collective Bargaining Agreements between Union Camp's Savannah, Georgia paper mill and local Unions 188 and 388 during the relevant years of 1973 through 1980. Defendant has not made a good faith effort to respond to Plaintiff's request.

The requested documents would show Plaintiff's vested rights and accrued benefit requirements for salaried and hourly workers. Defendant has informed this court that it is in the

Case 4:14-14375 Date Filed: 03/06/2015 Page: 15 of 72

process of disclosing the requested documents to Plaintiff. Plaintiff has not received the documents requested.

In January of 2011, Defendant indicated to "Ms Veronica", at the Department of Labor, that the requested documents were in their possession. In 2011 through 2012, Defendant claims to have transferred all requested documents to the Atlanta Office of the Department of Labor. Yet, for over 2 years, Defendant has not provided Plaintiff with the requested documents from Union Camp relevant to the years requested.

The documents Defendant provided to the Department of Labor only included Plan documents from 1978 with no Summary Plan Description, no Individual Annual Benefits Report, no 5500 Annual Report, no Profit Sharing and no Collective Bargaining Agreements.

Plaintiff contends that Defendant is withholding these requested documents and reports because they will show that Plaintiff had been vested in the claimed plans after 5 years. The Court's scheduling Order (Doc. 28) shows that Plaintiff is entitled to the requested documents from Union Camp during the relevant years from 1973 through 1980.

Defendant is denying Plaintiff's benefits based on Union Camp's Plan Documents, Summary Description, Collective Bargaining Agreement and Retirement Plan Requirements from 1973 through 1980. Yet these very same documents are being withheld.

In a letter dated 05/13/2010, Ms Sharon Badger informed Plaintiff that "…you could be vested with[in] 5 years if you were a part of [a] Local Union…" The requested documents relevant to the years when Plaintiff worked at Union Camp are material to this case and Plaintiff's claims.

Defendant seeks to limit the record to broad administrative policy documents outside the relevant years during Plaintiff's employment. When asked to provide the requested documents relevant to the time of Plaintiff's employment, Defendant responds "…we're still working on it…"

Discrimination is a part of Plaintiff's claim. Plaintiff contends that telephone recordings, tape and/or e-mails of conversations between him and several others will show the elements of discrimination:

-On 08/19/2011, Plaintiff spoke with Ms. Sharon Badger;

-On 08/19/2011, Plaintiff spoke with Mr. Shawn Lisle;

-On 08/19/2011. Plaintiff spoke with Mr. John Faraci, CEO

Ms. Sharon Badger stated to Plaintiff that"… [I] could grant [you your] benefits but [I choose not to] because I don't like you reporting me to the CEO and constantly calling…" These recordings of Plaintiff conversation with Ms. Sharon Badger would show the Court all elements of discrimination. Thus, Plaintiff contends the any and all previous conversations, e-mails or written correspondence, however recorded, between him and the above named

individuals and any of the same between either and all of them from 2010 through 2013 concerning this matter are subject to disclosure.

Plaintiff respectfully request that the Court order defendant to disclose those requested documents relevant to the time of Plaintiff's employment with Union Camp from 1973 through 1980, in addition to recordings of conversations between all persons, conducted in connection with this matter.

Respectfully Submitted

For Plaintiff:

Mr. Charlie Blake
Plaintiff, Pro'se
320 Tibet Avenue, Apartment 12
Savannah, Georgia 31416
Telephone: (912) 306-6150
E-Mail: cblake0430@yahoo.com

Case 1:14-14375   Date Filed: 03/06/2015   Page: 18 of 72

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CHARLIE BLAKE,                     )
                                   )
    Plaintiff,                     )
                                   )        Civil Action Number:
v.                                 )        4:12-CV-00306-WTM-GRS
                                   )
UNION CAMP,                        )
  INTERNATIONAL PAPER              )
                                   )
    Defendant.                     )
_____)

## CERTIFICATE OF SERVICE

I, Charlie Blake, hereby certify that on December 23, 2013, I served copies of the foregoing document(s) by depositing a true and correct copy of the document(s) in the U.S. Mail, postage prepaid, addressed to the following:

Nancy Fonti
Attorney for Defendant
McGuire Woods LLP
1230 Peachtree Street
Atlanta, Georgia 30303
(404)-443-5738 (telephone)

This 23 day of November, 2013.

*Charlie Lee Blake*

Mr. Charlie Blake
Plaintiff, Pro'se
320 Tibet Avenue, Apartment 12
Savannah, Georgia 31416
Telephone: (912) 306-6150
E-Mail: cblake0430@yahoo.com

# Doc. 35

Case 4:14-14375 Date Filed: 03/06/2015 Page 20 of 72

FILED
U.S. DIST. COURT
SA

2013 DEC 23 PM 3:56

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CHARLIE BLAKE,                        )
                                      )
    Plaintiff,                    )
                                      )                Civil Action Number:
v.                                    )                4:12-CV-00306-WTM-GRS
                                      )
UNION CAMP,                           )
INTERNATIONAL PAPER                   )
                                      )
    Defendant.                    )
_____)

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND
### MOTION TO COMPEL

Discovery began in this case pursuant to the Court's scheduling order. (See Doc. 28) Since that order, Plaintiff has received only one response from International Paper which included various document unrelated to Plaintiff's request. Plaintiff requested full disclosure of relevant documents from Union Camp of Savannah, Georgia including Plan documents, Summary Plan description, Individual Benefits Report, and Collective Bargaining Agreements between Union Camp's Savannah, Georgia paper mill and local Unions 188 and 388 during the relevant years of 1973 through 1980. Defendant has not made a good faith effort to respond to Plaintiff's request.

The requested documents would show Plaintiff's vested rights and accrued benefit requirements for salaried and hourly workers. Defendant has informed this court that it is in the

process of disclosing the requested documents to Plaintiff. Plaintiff has not received the documents requested.

In January of 2011, Defendant indicated to "Ms Veronica", at the Department of Labor, that the requested documents were in their possession. In 2011 through 2012, Defendant claims to have transferred all requested documents to the Atlanta Office of the Department of Labor. Yet, for over 2 years, Defendant has not provided Plaintiff with the requested documents from Union Camp relevant to the years requested.

The documents Defendant provided to the Department of Labor only included Plan documents from 1978 with no Summary Plan Description, no Individual Annual Benefits Report, no 5500 Annual Report, no Profit Sharing and no Collective Bargaining Agreements.

Plaintiff contends that Defendant is withholding these requested documents and reports because they will show that Plaintiff had been vested in the claimed plans after 5 years. The Court's scheduling Order (Doc. 28) shows that Plaintiff is entitled to the requested documents from Union Camp during the relevant years from 1973 through 1980.

Defendant is denying Plaintiff's benefits based on Union Camp's Plan Documents, Summary Description, Collective Bargaining Agreement and Retirement Plan Requirements from 1973 through 1980. Yet these very same documents are being withheld.

Case: 14-14275 Date Filed: 03/06/2015 Page: 22 of 72

In a letter dated 05/13/2010, Ms Sharon Badger informed Plaintiff that "...you could be vested with[in] 5 years if you were a part of [a] Local Union..." The requested documents relevant to the years when Plaintiff worked at Union Camp are material to this case and Plaintiff's claims.

Defendant seeks to limit the record to broad administrative policy documents outside the relevant years during Plaintiff's employment. When asked to provide the requested documents relevant to the time of Plaintiff's employment, Defendant responds "...we're still working on it..."

Discrimination is a part of Plaintiff's claim. Plaintiff contends that telephone recordings, tape and/or e-mails of conversations between him and several others will show the elements of discrimination:

-On 08/19/2011, Plaintiff spoke with Ms. Sharon Badger;

-On 08/19/2011, Plaintiff spoke with Mr. Shawn Lisle;

-On 08/19/2011, Plaintiff spoke with Mr. John Faraci, CEO

Ms. Sharon Badger stated to Plaintiff that"... [I] could grant [you your] benefits but [I choose not to] because I don't like you reporting me to the CEO and constantly calling..." These recordings of Plaintiff conversation with Ms. Sharon Badger would show the Court all elements of discrimination. Thus, Plaintiff contends the any and all previous conversations, e-mails or written correspondence, however recorded, between him and the above named

individuals and any of the same between either and all of them from 2010 through 2013 concerning this matter are subject to disclosure.

Plaintiff respectfully request that the Court order defendant to disclose those requested documents relevant to the time of Plaintiff's employment with Union Camp from 1973 through 1980, in addition to recordings of conversations between all persons, conducted in connection with this matter.

Respectfully Submitted

For Plaintiff:

Mr. Charlie Blake
Plaintiff, Pro'se
320 Tibet Avenue, Apartment 12
Savannah, Georgia 31416
Telephone: (912) 306-6150
E-Mail: cblake0430@yahoo.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| CHARLIE BLAKE,      ) | |
|                 ) | |
|     Plaintiff.     ) | |
|                 ) | Civil Action Number: |
| v.                 ) | 4:12-CV-00306-WTM-GRS |
|                 ) | |
| UNION CAMP,      ) | |
|  INTERNATIONAL PAPER    ) | |
|                 ) | |
|     Defendant.    ) | |
|                 ) | |

## CERTIFICATE OF SERVICE

I, Charlie Blake, hereby certify that on December 23, 2013, I served copies of the foregoing document(s) by depositing a true and correct copy of the document(s) in the U.S. Mail, postage prepaid, addressed to the following:

Nancy Fonti
Attorney for Defendant
McGuire Woods LLP
1230 Peachtree Street
Atlanta, Georgia 30303
(404)-443-5738 (telephone)

This 23 day of November, 2013.

*Charlie Lee Blake*

Mr. Charlie Blake
Plaintiff, Pro'se
320 Tibet Avenue, Apartment 12
Savannah, Georgia 31416
Telephone: (912) 306-6150
E-Mail: cblake0430@yahoo.com

Doc. 36

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 DEC 30 PM 4:32

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CHARLIE BLAKE,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Civil Action Number:
                                  )        4:12-CV-00306-WTM-GRS
                                  )
UNION CAMP,                       )
INTERNATIONAL PAPER               )
                                  )
        Defendant.                )
_____)

## SUPPLEMENT TO PLAINTIFF'S MOTION TO COMPEL

On November 14, 2010, Plaintiff received disclosure material from the Defendant. These materials, however, were dated 1991 or later and were not relevant to the time Plaintiff had been employed at Union Camp. There were no disclosures of contracts or collective bargaining agreements between Union Camp and the AFL-CIO or Local Unions 388 and 188 executed by their respective representatives from the relevant time period of 1973 through 1980. Defendant has a duty to maintain and honor those agreements.

Plaintiff does not accept Defendant's negotiated arrangement statement of what was agreed upon between Union Camp and Local Unions 388 and 188 in 1980. Plaintiff contends that he has a right to full disclosure of the all authentic original agreements between Union Camp and Local Unions 388 and 188 from 1973 through 1980 that are signed and sealed on respective letterheads  not Defendant's interpretations of these agreements (See Exhibit 1)

Plaintiff participated in (Contribution Plan 001 and 002) during his years of employment at Union Camp. (See attachment). On August 20, 2010 Plaintiff conversed with Mr. John Faraci (CEO) and Sharon Barger of International Paper. As stated in Plaintiff's Motion to Compel, Sharon Barger refused to grant Plaintiff his pension. On the day before, August 19, 2010 Plaintiff spoke to Mr. Shawn Lisle (Plan Administrator).

All of the above conversations are routinely recorded. When Plaintiff requested copies of these recordings, Sharon Barger provided a one-sided transcript of her interpretation of Plaintiff's words. Plaintiff contends that the actual recordings of his conversations with the above named representatives of Defendant should be disclosed. At the very least, when disclosed, they would show discrimination sufficient to support Plaintiff's claim of discrimination in the work place.

At the core of this case is the issue of "Vesting" as it related to Plaintiff during his years of employment at Union Camp's Savannah, Ga. Plant. There are various vesting options. Including one that offers a percentage of vesting after 5 years of service. Yet, Defendant has not provided any documents specifically relating to "Vesting" at Union Camp's Savannah, Ga. Plant.

Collective Bargaining Agreements between Union Camp and Local Unions 388 and 188, during the years of Plaintiff's employment, would have negotiated agreements covering many areas including vesting options and agreements thereto. Plaintiff contributed to Plan 001 and 002 for seven years. First, Defendant would deny that Plaintiff ever worked at Union Camp.

Now, Defendant refuses to provide documentation of Plaintiff's contributions to his retirement plan.

Plaintiff respectfully request the court order Defendant to produce the relevant documents from the relevant times concerning vesting at Union Camp's Savannah, Ga. Plant and Plaintiff's contribution to plans 001 and 002 as well as Plaintiff's stock options participation.

Respectfully Submitted

For Plaintiff:

Mr. Charlie Blake
Plaintiff, Pro'se
320 Tibet Avenue, Apartment 12
Savannah, Georgia 31416
Telephone: (912) 306-6150
E-Mail: cblake0430@yahoo.com

# ATTACHMENT

ATT
Ms Vermocia Patten

ERISA DOCUMENT
TRANSCRIPTION FORM

DOC. NO. 25. C

EIN

135652425

PN

001

SPONSOR NAME

UNION CAMP CORPORATION

M

*A*

-22-

## ERISA RIGHTS

The following statement of ERISA rights is required by federal law
and regulation

As a participant in this Plan you are entitled to certain rights and
protections under the Employee Retirement Income Security Act of 1974
(ERISA). You may examine, without charge, at Union Camp Corporation's
main office and its plant locations all plan documents, including
insurance contracts, collective bargaining agreements, and copies of
all documents filed with the U. S. Department of Labor, such as detailed
annual reports and plan descriptions.

You may obtain copies of all plan documents and other plan information
upon written request to the Director Employee Benefits, Union Camp
Corporation, 1600 Valley Road, Wayne, New Jersey 07470 with your specific
request. He will state the charge for specific documents, so that you may
know the cost before ordering.

As required by law, you will receive a summary of the plan's annual
financial report.

You may obtain a statement telling you whether you have a right to receive
a pension at normal retirement age (age 65) and if so, what your benefits
would be at normal retirement age if you stopped working now. If you do
not have a right to a pension, the statement will tell you how many more
years you have to work to get a right to a pension. This statement must be
requested in writing and is not required to be given more than once a year.
It will be provided free of charge.

13

 

A Thos. Vernon's Petition.

## ERISA DOCUMENT
## TRANSCRIPTION FORM

DOC. NO. 23

EIN

`1 3 5 6 8 2 4 2 3`

PN

`0 0 2`

SPONSOR NAME

`U N I O N   C A M P   C O R P O R A T I O N`

LMSA 697T (12/77)

-12-

OPTIONAL FORMS OF PENSION

*A*

-23-

In addition to creating rights for plan participants, ERISA imposes
duties upon the people who are responsible for the operation of
this plan. These people, called "fiduciaries", have a duty to act
prudently and in the interest of you and other plan participants and
beneficiaries.

No one, including your employer or any other person, may fire you
or otherwise discriminate against you in any way to prevent you from
obtaining a pension benefit or exercising your rights under ERISA.

If your claim for a pension benefit is denied in whole or in part,
you must receive a written explanation of the reason for the denial.
You have the right to have the plan review and reconsider your claim.

Under ERISA, there are steps you can take to enforce the above rights.
For instance, if you request materials from the plan and do not receive
them within 30 days, you may file suit in a federal court. In such case,
the court may require the plan administrator to provide the materials
and pay you up to $100 a day until you receive the materials, unless the
materials were not sent because of reasons beyond the control of the
administrator. If you have a claim for benefits which is denied or ignored,
in whole or in part, you may file suit in a state or federal court. If it
should happen that plan fiduciaries misuse the plan's money, or if you are
discriminated against for asserting your rights, you may seek assistance
from the U. S. Department of Labor, or you may file suit in a state or
federal court.

13

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CHARLIE BLAKE, )
)
    Plaintiff, )
)    Civil Action Number:
v. )    4:12-CV-00306-WTM-GRS
)
UNION CAMP, )
INTERNATIONAL PAPER )
)
    Defendant. )

## CERTIFICATE OF SERVICE

I, Charlie Blake, hereby certify that on December 30, 2013 I served copies of the

foregoing document(s) Plaintiff's Supplement to M otion To Compel by depositing a true and

correct copy of the document(s) in the U.S. Mail, postage prepaid, addressed to the following:

Nancy Fonti
Attorney for Defendant
McGuire Woods LLP
1230 Peachtree Street
Atlanta, Georgia 30303
(404)-443-5738 (telephone)

This _30_ day of December 30, 2013.

Mr. Charlie Blake
Plaintiff, Pro'se
320 Tibet Avenue, Apartment 12
Savannah, Georgia 31416
Telephone: (912) 306-6150
E-Mail: cblake0430@yahoo.com

# Doc. 38-1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLIE BLAKE,                              )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Civil Action
                                            )        No. 4:12-CV-00306-WTM-GRS
                                            )
UNION CAMP                                  )
INTERNATIONAL PAPER                         )
                                            )
            Defendant.                      )
_____)

Pursuant to 28 U.S.C. § 1746, Sharon L. Barger does hereby state as follows:

1.     I am employed by International Paper Company ("International Paper") as a

Senior Benefits Consultant, Global Compensation and Benefits, Office of the Plan

Administrator.

2.     I have worked with International Paper for approximately 33 years. During that

time, my duties have included administering claims for benefits, including claims for retirement

benefits, pursuant to the Retirement Plan of International Paper Company (the "Retirement

Plan"), a copy of which is attached as Plan 0001 through Plan 0103.

3.     Union Camp Corporation merged with International Paper Company in 1999, and,

effective September 30, 1999, the Retirement Plan for Hourly Employees of Union Camp

Corporation was merged into the Retirement Plan of International Paper Company.

4.     I make this Declaration based on my knowledge of the Retirement Plan, my

knowledge and experience regarding administering claims pursuant to the Retirement Plan,

1

including the claim filed by Charlie Blake, and my knowledge of the documents in Mr. Blake's claim file.

5.     I am authorized by the Retirement Plan and International Paper to make this Declaration on their behalf.

6.     Attached to this Declaration are the plan documents and claim file compiled for Mr. Blake's claim for retirement benefits. These documents are numbered IP_000001 through IP_002197.

7.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 3rd day of January 2014, in Memphis, Tennessee.

Sharon L. Barger
Senior Benefits Consultant

2

# Doc. 38-2

# RETIREMENT PLAN OF

# INTERNATIONAL PAPER COMPANY

Amended and Restated January 1, 2010

ARTICLE XII

ADMINISTRATION OF THE PLAN

12.01   PLAN FIDUCIARIES

The Fiduciary Review Committee shall be a "named fiduciary" of the Plan as defined in Section 402(a) of ERISA.  The Board of Directors shall have the authority to appoint the members of the Fiduciary Review Committee and to change such appointments, from time to time.  The Fiduciary Review Committee shall have the full power and authority to designate and allocate fiduciary responsibility to one or more other fiduciaries, in writing, and to change such designations and allocations, from time to time, including but not limited to the following:

(a)   Plan Financial Officer

The Fiduciary Review Committee shall appoint, remove and change the person designated as Plan Financial Officer and designate and allocate fiduciary responsibility to the Plan Financial Officer as a named fiduciary with discretion, power and authority:

(i)   to determine and carry out an investment policy subject to the terms and conditions of the Plan which satisfies the requirements of ERISA;

(ii)   to appoint one or more Trustees who are duly qualified under the standards of ERISA to hold some or all of the assets of the Plan, to change such appointments from time to time, and to negotiate, enter into and amend any Trust Agreement with any Trustee pursuant to the Plan;

(iii)   to select, appoint, and monitor the performance of and continue or discontinue the use of one or more Trustees or investment managers to manage (including the power to acquire and dispose of) any assets of the Plan;

(iv)   to place all or part of the assets of the Plan in investment vehicles as permitted by ERISA and any related governmental regulations and/or rulings;

(v)   to given directions to some or all of the appointed Trustees and investment managers of the Plan, to the full extent authorized by ERISA and any related government regulations and/or rulings, as to investment policy and as to management, acquisition or disposition of the assets of the Plan, including but not limited to directions to purchase group annuity contracts from one or more insurance companies for the benefit of the Plan;

(vi)   to retain counsel, employ agents and provide for such ministerial, clerical, accounting, consulting, or other services as may be required; and

53

> (vii)    to designate, in writings filed with the Office of the Plan Administrator, persons other than named fiduciaries to carry out any duty or power which would otherwise be a fiduciary responsibility of the Plan Financial Officer under the Plan.

The Plan Financial Officer shall maintain records and accounts showing the fiscal transactions and performance of the Fund, Trustee and investment manager(s), if any, and shall make reports from time to time and at least once each year to the Fiduciary Review Committee giving an account of the operation of the Fund.

(b)    Plan Administrator

The Fiduciary Review Committee shall appoint, remove and change the person or persons designated as Plan Administrator and designate and allocate fiduciary responsibility to the Plan Administrator as a fiduciary with discretionary power and discretionary authority:

> (i)    to require any person to furnish information for the purpose of the proper administration of the Plan as a condition to receiving any benefits under the Plan;

> (ii)    to make and enforce such rules and regulations and prescribe the use of such forms as shall be necessary for the efficient administration of the Plan;

> (iii)    to interpret the Plan, and to resolve ambiguities, inconsistencies and omissions, which determination shall be conclusive and binding upon all persons having any interest in or under the Plan;

> (iv)    to decide questions concerning the Plan and the eligibility of any Employee to participate in the Plan, in accordance with the provisions of the Plan;

> (v)    to determine the amount of benefits which shall be payable to any person in accordance with the provisions of the Plan;

> (vi)    to provide a full and fair review to any Participant whose claim for benefits has been denied in whole or in part;

> (vii)    to appoint, remove and change a committee or board to assist in the administration of the Plan;

> (viii)    to allocate any such powers and duties to a committee or board;

> (ix)    to establish and maintain reasonable procedures to determine the qualified status of domestic relations orders and to administer distributions under such qualified orders;

54

Plan 0066

(x)     to designate other persons to carry out any duty or power which would otherwise be a fiduciary responsibility of the Plan Administrator under the terms of the Plan;

(xi)     to make payments under the Plan;

(xii)     to retain counsel, employ agents and provide for such ministerial, clerical, accounting, recordkeeping and consulting or other service as may be required;

(xiii)     to amend the Plan, except in any case where the amendment would increase or improve the benefit of a senior officer of the Company; and

(xiv)     to merge or consolidate this Plan with another plan qualified and exempt under Sections 401(a) and 501(a) of the Code, except in any case where such merger or consolidation would increase or improve the benefit of a senior officer of the Company.

The Plan Administrator shall maintain records and accounts respecting the administration of the Plan and keep in convenient form all such data as may be necessary for the valuation of the Plan and shall submit a report from time to time and at least once each year to the Fiduciary Review Committee giving an account of the operation of the Plan. The Plan Administrator shall prepare, distribute and file such reports and notices as may be required by applicable laws or regulations.

All questions arising out of or in connection with the administration of the provisions of the Plan shall be determined by the Plan Administrator, and any determinations so made shall be conclusive and binding upon all persons having interests in or under the Plan.

## 12.02   ACCEPTANCE OF APPOINTMENT AND RESIGNATION

Any person appointed as the Plan Financial Officer, the Plan Administrator or as another "fiduciary" pursuant to Article XII of this Plan, shall signify his or her acceptance in writing to the Fiduciary Review Committee. Any such "appointed fiduciary" may resign by delivering a written resignation to the Fiduciary Review Committee, and such resignation shall become effective upon such delivery or upon any date specified therein.

## 12.03   REVIEW OF PLAN ADMINISTRATION AND PERFORMANCE OF FIDUCIARIES

The Fiduciary Review Committee shall establish a charter for carrying out its duties under the Plan, including procedures for the periodic review on at least a quarterly basis of the investment policy of the Plan; of the management and control of the assets of the Plan, including performance asset allocation, funding status and related actuarial reports; and of the administration of the Plan, and shall review the results of performance of any allocated fiduciary duties by the Plan Financial Officer, the Plan Administrator and any other fiduciary designated by the Fiduciary Review Committee. The Fiduciary Review Committee shall determine whether

55

# Doc. 39-1



RETIREMENT PLAN

FOR SALARIED EMPLOYEES

OF

UNION CAMP CORPORATION

---

As Amended Effective December 16, 1989

September 1991

IP_000001

Attachment A

RETIREMENT PLAN

FOR HOURLY EMPLOYEES

OF

UNION CAMP CORPORATION

As Amended December 16, 1985

September 1985

IP_000108

**Attachment B**

RETIREMENT PLAN

FOR HOURLY EMPLOYEES

OF

UNION CAMP CORPORATION

As Amended Effective January 1, 1998

March, 1998

IP_000159

# Doc. 40-1

Attachment C

**Union Camp**

EMPLOYEE BENEFITS

JUN 1 9 1991

| | | | |
|---|---|---|---|
| TO | Ms. A. Dedio | AT Wayne | SUBJECT Local 388 Container Division Pension SPD |
| FROM | W. R. Reed | AT Savannah | DATE June 18, 1991 |

cc: J. N. Carter
    J. A. Fletcher
    A. C. Hendrix
    I. C. McDonald

Regarding the attached:

Per our recently completed Container Plant negotiations, the following changes need to be made:

Page 5, Item A

$16.50 becomes $17.00

Page 6, Item C

$8.00 becomes $8.50

In addition, page 4 VESTING needs to be modified to the five year language. There may be other technical modifications that need to be implemented.

Also, please note my 4/24/91 memo to Gustavson regarding Local 435. This needs to be followed as well (plus vesting and other technical changes).

W. R. Reed

/lbm
Attachment

WP/ACH/H/10

IP_000377

SUMMARY PLAN DESCRIPTION

OF THE

RETIREMENT PLAN

FOR

HOURLY EMPLOYEES

OF

UNION CAMP CORPORATION
CONTAINER DIVISION

Savannah, Georgia
Local No. 388

# Doc. 41-1

2010

IP_000588

INTERNATIONAL ⚠ PAPER

INTERNATIONAL PLACE 1
6400 POPLAR AVENUE
MEMPHIS, TN 38197

December 22, 2010

Charles Blake
**REDACTED**

Re:  Request for Documents

Dear Mr. Blake,

The Office of the Plan Administrator received your request for documents on November 22, 2010.  In your request, you asked for all documentation  regarding your pension from Union Camp, including the plan document, summary plan description, summary of material modifications, summary annual report, notice of significant reduction in future benefit accruals, blackout notice, notice to participants of underfunded plan, individual benefit statement, and the annual report (Form 5500) from the years of 1973 through 1989.  You also requested a description of how International Paper Company purchased Union Camp in 1989, and the term of the sales and contract for pension plan recipients according to the Union Camp Pension Plan. The following is provided in response to your request.

**Response to Documents You Requested**
You did not specify the particular pension plan to which your document request relates.  We have interpreted your request to be for documents pertaining to the pension plan under which you participated as of your last date of service with Union Camp Corporation.  Copies of the following documents, described below, are enclosed in response to your documentary request:

*Plan Document*
- Retirement Plan For Hourly Employees of Union Camp Corporation As Amended December 16, 1985 – Please note this document provides that the applicable pension vesting requirement was 10 years of service in 1985.
- Retirement Plan For Hourly Employees Of Union Camp Corporation As Amended Effective January 1, 1998 – This document established a change in the pension vesting requirement from 10 years of service to 5 years of service which is applicable to active Members beginning on or after December 16, 1989.

Charles Blake
Page 2
December 22, 2010

### Summary Plan Description
- Union Camp Memo dated June 18, 1991, to Ms. A. Dedio, from W.R. Reed. This enclosed memo documents the requested change to the Pension Summary Plan Description, amending the vesting requirement from 10 years of service to 5 years of service.
- Summary Plan Description of the Retirement Plan For Hourly Employees of Union Camp Corporation Container Division Savannah, Georgia Local No. 388 – This summary plan description describes the change to the pension vesting requirement from 10 years of service to 5 years of service. The enclosed summary plan description is attached to June 18, 1991 memo noted above.

**Summary of Material Modifications** – No Summary of Material Modifications were located for the period you requested.

**Summary Annual Report** – Summary Annual Reports have been replaced by Annual Funding Notices. Attached is the most recent Annual Funding Notice for the Retirement Plan of International paper Company. The Union Camp Retirement Plan merged into the Retirement Plan of International Paper Company as of January 1, 2000.

**Notice of Significant Reduction in Future Benefit Accruals** – There are no applicable Notice of Significant Reduction in Future Benefit Accruals.

**Blackout Notice** – There are no applicable Blackout Notices.

**Notice to Participants of Underfunded Plan** – There are no applicable Notices to Participants of Underfunded Plans.

**Individual Benefit Statement** – As previously communicated to you in connection with your most recent claim for pension benefits, you do not have a vested benefit under the Retirement Plan of International Paper Company because you did not have the required 10 years of vesting service upon your termination of employment in 1980. As a non-vested terminated employee, there is no Individual Benefit Statement on file for you.

**Annual Report (Form 5500)** – Attached is the most recently filed Form 5500 for the Retirement Plan of International paper Company. As previously noted, the Union Camp Retirement Plan was merged into the Retirement Plan of International Paper Company on January 1, 2000. The Employee Retirement Income Security Act of 1974, as amended ("ERISA") and related regulations require only the latest annual report be produced in response to a participant or beneficiary request.

IP_000590

Charles Blake
Page 3
December 22, 2010

### Description of Terms of International Paper Company's Acquisition of Union Camp Corporation

You requested a description of how International Paper Company purchased Union Camp Corporation. We interpret your request to be either a request for a copy of the purchase and sale agreement between International Paper and Union Camp or for the plan administrator to prepare a description of the terms of such acquisition. ERISA does not require the production of purchase and sale agreements relating to corporate acquisitions, and likewise does not require a plan administrator to create nonexistent documents or provide an explanation of documents that are produced. Further, the plan administrator is not the custodian of any such acquisition documents, which are confidential and proprietary and ERISA does not require these documents to be produced. Accordingly, your request for a description of the terms of the Union Camp acquisition cannot be honored.

### Term of the Sales and Contract for Pension Plan Recipients According to the Union Camp Pension Plan

You also requested "the term of the sales and contract for pension plan recipients according to the Union Camp Pension Plan." We do not understand what document you are requesting. If the attached Union Camp Corporation plan documents do not respond to your intended request, please be more specific as to the document you are asking the plan administrator to produce.

### Other Documents

To the extent that union collective bargaining agreements may be responsive to your documentary request, we have enclosed copies of the following documents:

- Summary of the Results of Negotiations - United Paperworkers International Union and Local Unions 388, 407, and 435 and Union Camp Corporation Savannah Plant Savannah, Georgia June 1, 1974, revised July 9.1974 – Note that this agreement documents the change in pension vesting from 15 to 10 years of service.
- Summary of the Results of Negotiations - United Paperworkers International Union and Local Unions 388, 407, and 435 and Union Camp Corporation Savannah Plant Savannah, Georgia June 1, 1980 – Note that this agreement documents no change to the pension vesting requirement of 10 years of service that was established in 1974.
- Summary of the Results of Negotiations – United Paperworkers International Union and Local Unions 388 and 407 (Mill and Chemical Divisions) and Union Camp Corporation Savannah Plant Savannah, Georgia June 1, 1983 – This agreement documents no change to the pension vesting requirement of 10 years of service that was established in 1974.
  - Modification September 16, 1983 – this modification documents no change to the pension vesting requirement of 10 years of service established in 1974.
  - Revision October 24, 1983 – this modification documents no change to the pension vesting requirement of 10 years of service established in 1974.

Charles Blake
Page 4
December 22, 2010

The following documents, related to your recent claim for pension benefits, were previously provided to you. However, as a courtesy, we have enclosed copies of the following documents:

- Copy of the letter from the Retiree Service Center to you dated January 13, 2010, in response to your claim. The letter states the requirement of 10 years of vesting service in order to be eligible for a vested benefit under the plan. This letter also states there are no documents indicating vesting service was changed from 10 to 5 years of service as a result of a lawsuit settlement in 1978.
- Copy of the letter Plan Administrator's letter to you dated March 26, 2010, in response to your appeal of the denied claim. This letter states the requirement of 10 years of vesting service to be considered eligible for a vested benefit under the plan. This letter also noted that the court documents referenced in your appeal did not require the company to change the plan's vesting provisions to 5 years of service; in fact, the settlement was solely related to employment issues and did not involve the qualified retirement plan.

We trust this correspondence and the enclosures fully respond to each of your documentary requests.

Sincerely,


Office of the Plan Administrator

/slb

IP_000592

# Doc. 42-1

Summary Plan Description

of

The Retirement Plan

For Hourly Employees

of

Local 188

Union Camp Corporation

at

Savannah, Georgia

Kraft Paper & Board Division

Chemical Division

Container Division

and

Bag Division

/02,50,51,56-188/

(4-92) spd188

IP_000768



1600 VALLEY ROAD, WAYNE, N.J. 07470 TELEPHONE (201) 628-2000

June 28, 1994

SPD
Pension and Welfare Benefit Administration
Room N-5644
U.S. Department of Labor
200 Constitution Ave., N.W.
Washington, DC 20210

RE:     E.I.N.: 13-5652423

Gentlemen:

Enclosed is our SPD filing for the Union Camp Corporation Salaried Employees
Savings and Investments Plan (Plan 101) Plan No. 030, EIN: 13-5652423.

Sincerely,

Susan Santaniello
Savings System Administrator

IP_000841

# TABLE OF CONTENTS
## SAVINGS AND INVESTMENT PLAN

|  | Page |
|---|---|
| INTRODUCTION | 2-SI |
| SUMMARY | 3-SI |
| ELIGIBILITY AND PARTICIPATION | 5-SI |
| YOUR SAVINGS & THE COMPANY'S CONTRIBUTIONS | 7-SI |
| WHAT VESTING MEANS | 11-SI |
| INVESTMENT OPTIONS | 13-SI |
| WITHDRAWALS | 19-SI |
| LOANS | 21-SI |
| FINAL DISTRIBUTIONS | 25-SI |
| TAX INFORMATION | 27-SI |
| NAMING A BENEFICIARY | 31-SI |
| ASSIGNMENT OF BENEFITS | 33-SI |
| APPLYING FOR BENEFITS | 35-SI |
| ADMINISTRATION, AMENDMENT & TERMINATION OF PLAN, LIENS & EXPENSES | 37-SI |
| SOME ADDITIONAL INFORMATION | 39-SI |
| APPENDIX A – HISTORICAL PERFORMANCE OF FUNDS | 41-SI |

IP_000842

Doc. 43-1



UNION CAMP CORPORATION

SALARIED EMPLOYEES'

STOCK OWNERSHIP PLAN

IP_000865

RETIREMENT PLAN

FOR

HOURLY EMPLOYEES

OF

UNION CAMP CORPORATION

Savannah, Georgia
Lodge No. 26

JAN 23 1978

50-26

IP_000874

# Doc. 45-1

Summary Plan Description

of

The Retirement Plan

For Hourly Employees

of

Local 188

Union Camp Corporation

at

Savannah, Georgia

Kraft Paper & Board Division

Chemical Division

Container Division

and

Bag Division

/02,50,51,56-188/

4-92/spd188

IP_001622

Doc. 46-1

*M. V. Long*

*Tornette - ADEA questions?*

## SUMMARY OF THE RESULTS OF NEGOTIATIONS

UNITED PAPERWORKERS INTERNATIONAL UNION

AND

LOCAL UNIONS 388, 407, and 435

AND

UNION CAMP CORPORATION

SAVANNAH PLANT

SAVANNAH, GEORGIA

JUNE 1, 1980

Revised 6/2/80; 6/19/80

# SUMMARY of the RESULTS of NEGOTIATIONS

## UNITED PAPERWORKERS INTERNATIONAL UNION

### AND

## LOCAL UNIONS 388, 407, and 435

### AND

## UNION CAMP CORPORATION

### SAVANNAH PLANT

### SAVANNAH, GEORGIA

### JUNE 1, 1974

Revised 7/9/74

BENEFITS

NOV 04 1983

# SUMMARY OF THE RESULTS OF NEGOTIATIONS

## UNITED PAPERWORKERS INTERNATIONAL UNION

### AND

### LOCAL 388

### AND

### UNION CAMP CORPORATION
### CONTAINER DIVISION

### SAVANNAH, GEORGIA

### JUNE 1, 1983

Revised:  10/24/83

10/24/83A
LA7/L/1

W. R. REED

NOV - 3 1983

SAVANNAH

IP_002094

W. R. REED

SEP 2 2 1983

SAVANNAH

*FINAL*

## MODIFICATION TO
## SUMMARY OF THE RESULTS OF NEGOTIATIONS

### UNITED PAPERWORKERS INTERNATIONAL UNION

AND

### LOCAL UNIONS 388 AND 407
### (MILL AND CHEMICAL DIVISIONS)

AND

### UNION CAMP CORPORATION

SAVANNAH PLANT

SAVANNAH, GEORGIA

JUNE 1, 1983

Modification: 9/16/83
Summary of 8/30/83

9/16/83A
JG12/C/1

Attachment H

W. R. REED

SEP 2 2 1983

SAVANNAH

# SUMMARY OF THE RESULTS OF NEGOTIATIONS

## UNITED PAPERWORKERS INTERNATIONAL UNION

### AND

## LOCAL UNIONS 388 AND 407
### (MILL AND CHEMICAL DIVISIONS)

### AND

## UNION CAMP CORPORATION

### SAVANNAH PLANT

### SAVANNAH, GEORGIA

### JUNE 1, 1983

8/30/83
JG5/CC/1

C

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 6th day of March, 2015 I caused this Appellee's Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System.

I further certify that on this 6th day of March, 2015, I caused the required number of bound copies of the foregoing Appellee's Appendix to be filed via UPS Ground Transportation with the Clerk of this Court and for one copy of the same to be served, via UPS Ground Transportation, to all case participants, at the listed address below:

> Charlie Lee Blake
> 320 Tibet Avenue, Apt. #12
> Savannah, Georgia  31416
> (912) 401-8827
>
> *Appellant Pro Se*

                                        /s/ Bruce M. Steen
                                        *Counsel for Appellee*